UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
SECRETARY OF LABOR,                              *
  United States Department of Labor,             *
                                                 *
                      Plaintiff,                 *
                                                 *   CIVIL ACTION
              v.                                 *
                                                 *   FILE NO.
MARDI GRAS ENTERTAINMENT, INCORPORATED,          *
d/b/a MARDI GRAS and JAMES SANTONELLA,           *
INDIVIDUALLY,                                    *
                                                 *
                      Defendants.                *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff, Secretary of Labor, United States Department of Labor, (hereinafter the "Secretary") brings this action to enjoin Defendants from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 as amended, (52 Stat. 1060, 29 U.S.C. 201), hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act and by 28 U. S.C. 1345.

II.

Defendant, Mardi Gras Entertainment, Inc., d/b/a Mardi Gras, is and at all times hereinafter mentioned, was a corporation having an office and place of business at 912 Taylor Street in Springfield, Massachusetts, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was engaged at that place of business and elsewhere in the operation of a gentlemen's club.

III.

Defendant James Santonella resides within the jurisdiction of this Court and now, and at all times hereinafter mentioned, actively manages, supervises and directs the business affairs and operations of said corporation.  This Defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore an employer of said employees within the meaning of the Act.

IV.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3( r ) of the Act.

V.

At all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including

employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VI.

Defendants have willfully violated and are willfully violating the provisions of Sections 6 and 15(a)(2) of the Act by paying employees wages at rates less than the applicable minimum wage.

VII.

Defendants have willfully violated and are willfully violating the provisions of Sections 11(c) and 15(a)(5) in that Defendants failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

VIII.

During the period from September 1, 2007 to the present, Defendants have willfully and repeatedly violated and are willfully violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees, and those persons in

active concert or participation with them or acting in their interest and behalf, from violating the provisions of Sections 15(a) (2) and 15(a)(5)of the Act and costs.

IX.

During the period from September 1, 2007 to the present, Defendants have willfully and repeatedly violated and are willfully violating the aforesaid provisions of the Act.  An award of actual and liquidated damages is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in the attached Exhibit A, plus an equal amount as liquidated damages and costs.

M. Patricia Smith
Solicitor of Labor

Michael D.  Felsen
Regional Solicitor

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor          *//Paul J. Katz//*
JFK Federal Building - Room E-375          Senior Trial Attorney
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

U.S. Department of Labor
Attorneys for Plaintiff