UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECRETARY OF LABOR,<br>United States Department of Labor<br><br>                Plaintiff,<br>    v.<br><br>MARDI GRAS ENTERTAINMENT,<br>INCORPORATED, d/b/a MARDI GRAS and<br>JAMES SANTANIELLO, INDIVIDUALLY,<br><br>                Defendants. | No. 3:11-cv-30024-FDS |

## AFFIDAVIT OF BARRY J. MILLER, ESQ.

I, Barry J. Miller, on oath depose and state that:

    1.    I am a partner in the law firm of Seyfarth Shaw LLP, and I represent the Defendants in the above-captioned matter.

    2.    I submit this affidavit in conjunction with Defendants' Motion to Dismiss or Stay Proceedings Pending Disposition of Parallel State Court Action in the above-captioned matter. The facts contained in this affidavit are based on my personal knowledge.

    3.    Prior to the commencement of the above-captioned matter, a group of individuals commenced a lawsuit against Mardi Gras Entertainment, Inc., James Santaniello, and several other defendants in the Massachusetts Superior Court for Hampden County, which is captioned *Ruiz, et al. v. Mardi Gras Entertainment, Inc., et al.*, docket no. 2010-00034 (the "State Case"). A copy of the Superior Court docket in the State Case as of February 28, 2012 is attached hereto as Exhibit 1.

4. The plaintiffs' currently operative pleading in the State Case is their Third Amended Complaint, which they filed on or about December 16, 2011, a copy of which is attached hereto as Exhibit 2.

5. Pursuant to a ruling of the Superior Court dated February 27, 2012, discovery in the State Case is scheduled to conclude on June 15, 2012, and dispositive motions are due to be served on or before July 31, 2012.

6. Prior to the commencement of the above-captioned action, the U.S. Department of Labor ("DOL") conducted an investigation into wage and hour practices at a facility known as The Mardi Gras, including an alleged practice of requiring bartenders to pay a fee for each shift that they worked. Individuals who have been deposed as witnesses in the State Case participated in that investigation. Those individuals testified that the DOL's investigation was commenced in or about 2007 or 2008 and continued for a period of years thereafter, including repeated mailings by the DOL to bartenders working at The Mardi Gras and in-person interviews with certain of those bartenders. Attached hereto as Exhibit 3 and Exhibit 4, respectively, are excerpts from the transcripts of the depositions of Jessica Taylor and Patricia Carbone, in which each of those individuals (both of whom are named plaintiffs in the State Case) describes her participation in the DOL's investigation.

7. At the conclusion of its investigation regarding wage and hour practices at The Mardi Gras, the DOL presented an assessment to the operators of the facility on or about May 21, 2010, which represented the DOL's findings regarding the identity of individuals who had paid fees to work at The Mardi Gras and the total amounts that the DOL contended such individuals to be due.

8. The DOL has been aware of the pendency of the State Case since before the DOL filed the above-captioned action. In discussions that I had with representatives of the Solicitor of Labor prior to the DOL's filing of the above-captioned action, representatives of the Solicitor of Labor and I discussed the pendency of the State Case, the fact that the State Case had been commenced before the DOL concluded its investigation regarding The Mardi Gras, and the fact that the subject matter of the DOL's investigation at The Mardi Gras was subsumed within the scope of the State Case.

SIGNED UNDER THE PENALTIES OF PERJURY ON THIS 29th DAY OF FEBRUARY, 2012.

                                                                                /s/ Barry J. Miller
                                                                                Barry J. Miller

14227509v.1